In the Matter of PETER TESTAN, Petitioner.

Supreme Court, Kings County, May 25, 1935.

*Julius E. Bagley*, for the petitioner.

*John J. Bennett, Jr.*, Attorney-General, and *L. Hamilton Rainey* and *William K. Hopkins*, Assistant Attorneys-General, for the People.

*Schneider & Groggins* and *Stanley Groggins*, for respondent New Deal Homes, Inc.

MAY, J. This is a proceeding to register title in certain real property in Kings county.

The land sought to be registered lies within the boundaries of a portion of what was formerly " Mill Lane," an old Dutch road. The petitioner formerly owned land abutting on the south of this parcel and subsequently mortgaged the said parcel, the mortgage describing the property and then adding " together with all the right, title and interest of the party of the first part of, in and to the land lying in Mill Lane and Troy Avenue to the center line thereof."

Concededly, at that time petitioner had no right, title, or interest in and to Mill lane. It being of Dutch origin, title to the land was in the sovereign municipality.

Subsequently, however, the petitioner purchased from the city of New York the land lying in the bed of Mill lane, paying therefor the sum of $1,700, plus some additional charges.

Still later, the mortgage which he had previously executed, covering the land on the south side of Mill lane, was foreclosed by an assignee of the mortgage and a referee's deed was given at the foreclosure sale.

It is now claimed in opposition to the petition herein that petitioner is estopped, by reason of the recitals in his mortgage, and more particularly by the warranties in his mortgage, to assert that the referee's deed in foreclosure did not give good title to the after-acquired land lying within the bounds of Old Mill lane now sought to be registered.

Estoppel, under the authorities, can only arise where there is an express representation as to ownership in the title or interest in question or where there are express warranties thereto. The reason underlying the estoppel, as stated by Tiffany in his work on Real Property ([2d ed.] vol. 2, § 545), is " that circuity of action is thereby avoided, the title being given to the grantee instead of compelling him to sue on the grantor's covenant for the damage caused by the want of such title." (See, also, *Tefft* v. *Munson*, 63 Barb. 31.)

The test, as laid down in *Jackson ex dem. Varick* v. *Waldron* (13 Wend. 178, 208), is that " in order for a matter to operate as an estoppel in a deed, it should be such matter and so alleged that, if untrue, the party alleging it would be liable in some form of action, either at law or in equity, to respond in damages to the party injured, for a covenant broken or for deceit and fraud."

Applying the principles as above stated to the facts herein, I am of the opinion that there was no representation made as to ownership, and that the mortgage, in so far as it related to any property in the bed of Mill lane, purported to cover only such right,

title, and interest as the mortgagor had, if any; and that such representation was not enlarged by the customary warranties contained in such instrument.

The situation herein, it appears to me, comes clearly within the doctrine also set forth by Tiffany ([2d ed.] vol. 2, § 545), wherein he states: "Since the estoppel of the grantor to assert the after acquired title is based upon the consideration that by his conveyance he purported to convey some certain estate or interest, there can be no such estoppel when the conveyance undertakes to transfer merely such an estate or interest as the grantor has, and the fact that such a conveyance contains covenants for title does not change its character in this respect."

The application for a decree and judgment of registration is granted accordingly.